## Town of Pawtucket, Appellant, *vs.* Elias S. Ballou, Executor.

In Rhode Island the witnesses to a will must subscribe their names in the presence of the testator.

Acknowledgment by a witness, in the presence of the testator, of the witness's signature affixed in the testator's absence, is a nullity.

Appeal from the Court of Probate of the Town of Pawtucket.

*June* 20, 1885.   Durfee, C. J.   The question is whether, under the agreed statement of facts, the paper offered for probate is entitled to probate as the will of Otis J. Ballou.   We think not. Our statute provides that an instrument intended to be a devise of real estate " shall be attested and subscribed in the presence

of the devisor by two or more witnesses, or else shall be utterly void and of no effect," and that personal property may be disposed of by will in the same manner as real estate. Pub. Stat. R. I. cap. 182, §§ 4, 8. The paper was not subscribed by the witnesses in the presence of Otis J. Ballou. It was subscribed by them while he was absent, where he could not see them subscribe it. The execution is, therefore, clearly invalid, unless the acknowledgment of subscription by the witnesses was equivalent in law to an actual subscription in the presence of Otis J. Ballou. We do not think it was. Our statutes prescribe the manner in which property, real and personal, shall descend or be distributed, when not disposed of by will. A will may — this paper, if admitted to probate, would — make an entirely different disposition. An instrument purporting to be a will, therefore, ought not to be allowed to have effect as a will unless it fully answers the requirements of the statute. The declaration of our statute that such an instrument shall be attested and *subscribed in the presence* of the testator, " or else shall be utterly void and of no effect," is very significant, and demonstrates an intention on the part of the General Assembly to make subscription by the witnesses in the presence of the testator of the very essence of the execution. We are unwilling to speculate upon the possibilities of human action, and to take the responsibility of holding that an acknowledgment of subscription by the witnesses in the presence of the testator answers all the purposes of actual subscription in his presence, and that it therefore shall have the same effect. Acknowledgment of subscription is not the same in fact as actual subscription, and, in view of the statute, we do not think we have any right to decide that it is the same in law.

The only case in which acknowledgment of subscription has been held to be equivalent to subscription itself in the presence of the testator, is *Sturdivant* v. *Birchett*, 10 Gratt. 67, which was decided by the Court of Appeals of Virginia by a divided court. On the other hand, the cases which more or less strongly support the view which we have expressed are numerous. Most of them are cited and reviewed by Judge Gray in an elaborate opinion in *Chase* v. *Kittredge et als.* 11 Allen, 49. In that case one of the witnesses subscribed the will in the absence of the testator, and

before it was signed by him, and, after it was signed, acknowledged his signature in the presence of the testator and the other witnesses. The court decided that the execution was invalid, both because the witness subscribed the will before it was signed by the testator, and because he subscribed it in the absence of the testator, the subsequent acknowledgment in his presence being unavailing. See, also, *Hindmarsh* v. *Charlton*, 8 H. L. 159; *Downie's Will in re*, 42 Wisc. 66; *Compton* v. *Mitton*, 12 N. J. Law, 70; *Den dem. Mickle* v. *Matlack et al.* 17 N. J. Law, 86; *Pope's Will*, Roberts' Vt. Dig. 748, 17.

We have treated this case as if the acknowledgment was made in the presence of Otis J. Ballou by both witnesses, or by one of them, the other standing by and assenting. The case has been argued as if such was the acknowledgment. The agreed statement, however, does not show that more than one of the witnesses took part in the acknowledgment. Such an acknowledgment by one of the witnesses only, the other being absent, is not, so far as we know, supported by any authority, and it would be, without question, ineffectual.

Our conclusion is that the decree of the Court of Probate of the Town of Pawtucket, refusing to admit said paper to probate, must be affirmed.                    *Order accordingly.*

*Thomas P. Barnefield*, Town Solicitor of the Town of Pawtucket, for appellant.

*Benjamin M. Bosworth*, for appellee.